# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES E. TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-09-445-M |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner, Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying his application for supplemental security income benefits. Chief United States District Judge Vicki Miles La-Grange has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The Commissioner has answered and filed the administrative record (hereinafter Tr. __). As the parties have briefed their positions, the matter is at issue. For the following reasons, it is recommended that the decision of the Commissioner be affirmed.

## I. PROCEDURAL HISTORY

Plaintiff protectively filed his application for supplemental security income benefits on April 14, 2006, alleging a disability caused by ischemic heart disease with an onset date of April 11, 2006. Tr. 180-86, 199, 204. The application was denied on initial consideration

and on reconsideration at the administrative level. Tr. 143, 144, 145-48, 152-54. Pursuant to Plaintiff's request, a hearing was held before an administrative law judge on August 28, 2008. Tr. 120-40, 155. Plaintiff appeared in person with his attorney, and offered testimony in support of his application. Tr. 122-37. A vocational expert also testified at the request of the administrative law judge. Tr. 137-139, 169. The administrative law judge issued his decision on November 21, 2008, finding that Plaintiff was not disabled within the meaning of the Social Security Act, and thus not entitled to supplemental security income benefits. Tr. 6-8, 9-16. The Appeals Council denied Plaintiff's request for review on February 27, 2009, and therefore the decision of the administrative law judge became the final decision of the Commissioner. Tr. 1-4.

## II. THE ADMINISTRATIVE LAW JUDGE'S DECISION

In determining that Plaintiff was not disabled, the administrative law judge followed the sequential evaluation process set forth in 20 C.F.R. § 416.920. Tr. 9-11. He first found that Plaintiff had not engaged in substantial gainful activity since the application date of April 14, 2006. Tr. 11. At steps two and three, the administrative law judge found that Plaintiff suffers from ischemic heart disease and found that this impairment is severe, but not severe enough to meet or equal one of the impairments listed in 20 C.F.R. Part 404, Appendix 1, Subpart P, Social Security Regulations, No. 4. Tr. 11. The administrative law judge next found that Plaintiff has the residual functional capacity [RFC] for a wide range of light work, but is limited to only occasional stooping, kneeling, crouching, crawling, and climbing of ramps and stairs, and must never climb ropes or scaffolding. Tr. 12. Based on

this residual functional capacity finding, the administrative law judge found at step four of the sequential evaluation process that Plaintiff was able to perform his past relevant work as a store attendant. Id. at 15. In light of this finding, the administrative law judge ultimately found that Plaintiff was not disabled and was thus not entitled to supplemental security income benefits during the relevant time period. Tr. 16.

## III. STANDARD OF REVIEW

The Tenth Circuit Court of Appeals has summarized the applicable standard of review as follows:

> [W]e[1] independently determine whether the [administrative law judge's] decision is "free from legal error and supported by substantial evidence." Although we will "not reweigh the evidence or retry the case," we "meticulously examine the record as a whole, including anything that may undercut or detract from the [administrative law judge's] findings in order to determine if the substantiality test has been met."
>
> "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." Our determination of whether the [administrative law judge's] ruling is supported by substantial evidence "must be based upon the record taken as a whole." Consequently, we remain mindful that "[e]vidence is not substantial if it is overwhelmed by other evidence in the record."

Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted).

To determine whether a claimant is disabled, the Commissioner employs a five-step

---

[1] Although the Tenth Circuit Court of Appeals was discussing its own standard of review, the same standard applies to the federal district court's appellate review of social security cases. Hamilton v. Secretary of Health & Human Services, 961 F.2d 1495, 1502 n. 1 (10th Cir. 1992) ("as the second-tier appellate court, a circuit court does apply the same standard of review as the district court-the standard applicable to appellate review of individual social security cases").

sequential evaluation process:

> Step one requires the agency to determine whether a claimant is "presently engaged in substantial gainful activity." If not, the agency proceeds to consider, at step two, whether a claimant has "a medically severe impairment or impairments."An impairment is severe under the applicable regulations if it significantly limits a claimant's physical or mental ability to perform basic work activities. At step three, the [administrative law judge] considers whether a claimant's medically severe impairments are equivalent to a condition "listed in the appendix of the relevant disability regulation." If a claimant's impairments are not equivalent to a listed impairment, the [administrative law judge] must consider, at step four, whether a claimant's impairments prevent her from performing her past relevant work. Even if a claimant is so impaired, the agency considers, at step five, whether she possesses the sufficient residual functional capability to perform other work in the national economy.

Wall, 561 F.3d at 1052 (citations omitted). The claimant bears the burden to establish a prima facie case of disability at steps one through four. Williams v. Bowen, 844 F.2d 748, 751 & n.2 (10th Cir. 1988). If the claimant successfully carries this burden, the burden shifts to the Commissioner at step five to show that the claimant retains sufficient residual functional capacity to perform work in the national economy given the claimant's age, education, and work experience. Id. at 751.

## IV. PLAINTIFF'S CLAIMS ON APPEAL

Plaintiff raises one claim on appeal: that the administrative law judge erred in his credibility analysis. Plaintiff's Brief, 4. Plaintiff argues that the administrative law judge relied on two improper factors. Id. at 5. First, he alleges that the administrative law judge "placed a great deal of weight" on the fact that Plaintiff continues to smoke. Id. Plaintiff contends that although the administrative law judge "did not directly address the issue of [Plaintiff] failing to follow the prescribed treatment with his continued smoking ... this

4

finding was implied" in the decision. Id. at 7. He claims that a failure to quit smoking does not constitute a failure to fully comply with recommended treatment. Id.

Second, he claims that the administrative law judge improperly relied on Plaintiff's daily activities of taking care of his personal needs, cooking light meals, doing light housework, yard work, and driving. Id. at 5. He argues that the sporadic performance of such tasks does not establish that he is capable of substantial gainful activity. Id. at 8. He contends that performance of tasks at home allows him to take a break whenever he needs to relax, and that such would not be available in a work environment. Id.

In response, the Commissioner argues that the administrative law judge thoroughly evaluated Plaintiff's credibility in accordance with the relevant law. Commissioner's Brief, 3. He contends that Plaintiff has focused on one comment in the administrative law judge's decision rather than the decision as a whole. Id. at 3-4. The Commissioner argues that although the administrative law judge did comment on Plaintiff's continued smoking and daily activities, these were not the only factors discussed. Id. at 8.

"When the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms has been established, the intensity, persistence, and functionally limiting effects of the symptoms must be evaluated to determine the extent to which the symptoms affect the individual's ability to do basic work activities." Social Security Ruling 96-7p, 1996 WL 374186, at *1. Such credibility determinations are within the province of the finder of fact, and they will not be upset on appellate review when they are supported by substantial evidence. Diaz v. Secretary of

Health and Human Services, 898 F.2d 774, 777 (10th Cir. 1990); Kepler v. Chater, 68 F.3d 387, 391 (10th Cir.1995) (same).

Some of the factors that may be considered in assessing a claimant's credibility as to his subjective complaints include (1) his daily activities; (2) the location, duration, frequency, and intensity of his symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication he receives or has received for relief of symptoms; (5) treatment, other than medication, the claimant has received for relief of symptoms; and (6) any measures other than treatment the individual uses or has used to relieve symptoms. Social Security Ruling 96- 7p, 1996 WL 374186, * 3; 20 C.F.R. § 416.929( c)(3); Kepler, 68 F.3d at 391; Luna v. Bowen, 834 F.2d 161, 164-66 (10th Cir. 1987). In assessing a claimant's credibility, an administrative law judge must state the evidence upon which he relies. Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). He is not, however, required to undertake a factor-by-factor analysis and discuss every piece of evidence in the record. Id.

Here, the administrative law judge acknowledged the governing standard and found that the required nexus between Plaintiff's impairments and subjective symptoms was present, but that his statements regarding the intensity, persistence, and limiting effects of those symptoms were not credible to the extent they are inconsistent with the RFC finding. Tr. 13. Following this finding, the administrative law judge set forth a detailed explanation for his credibility determination.

The administrative law judge first noted that Plaintiff was hospitalized on April 11,

2006 with chest pain, diagnosed as an acute inferior myocardial infarction, and had emergent left heart catheterization  Tr. 13.  Plaintiff was hospitalized from April 11-13, 2006, and had an uneventful hospital course.  Id.  He recited evidence showing that less than two months later, Plaintiff presented to the emergency room complaining of chest pain, reporting that he had been doing yard work – weed eating and mowing – over the last couple of days.  Tr. 13.  The EKG at that time showed normal sinus rhythm and the assessment was chest wall pain and chest pain; Plaintiff was discharged with prescriptions for Naproxen and Flexeril.  Tr. 13.

The administrative law judge next noted that when Plaintiff presented for his consultative physical examination in August 2006, he told the examiner Dr. Vasamreddy that he was having ten or more episodes of chest pain a month, with pain on a scale of 8-9 out of 10.  Tr. 13. However, Plaintiff stated he had not taken any nitroglycerin for his pain, and Dr. Vasamreddy's cardiac examination was essentially normal: lungs clear to auscultation; regular heart rhythm with no gallops, murmurs, clicks, or ventricular friction rub; and no cyanosis or clubbing of the extremities. Tr. 13-14.

The administrative law judge then noted that in exams by Plaintiff's treating cardiologist both before and after this consultative examination – in May 2006 and November 2006 –  Plaintiff did not complain of chest pain. Tr. 14.  In a follow up examination in May 2007, Plaintiff reported occasional chest pain, but another year later reported that he was working in construction and had no chest pain.  Tr. 14, 15. The administrative law judge noted the treating physician's unremarkable cardiac examination

7

findings, including no heart enlargement, carotid bruits, murmurs, or clicks. Tr. 14. The administrative law judge noted the medications Plaintiff was taking, that Plaintiff continued to smoke despite both counseling and prescription treatment for smoking cessation, and that he took care of his personal needs, cooked light meals, did light housework, did yard work, and was able to drive some. Tr. 14-15. He noted that none of Plaintiff's doctors had put any limitations on his ability to work and he noted the opinions of the state agency medical consultants. Tr. 15.

Thus, although the administrative law judge may not have applied or considered every Kepler factor, he did link the factors he did apply to the evidence of record. Qualls v. Apfel, 206 F.3d at 1372 ("Kepler does not require a formalistic factor-by-factor recitation of the evidence. So long as the [administrative law judge] sets forth the specific evidence he relies on in evaluating the claimant's credibility, the dictates of Kepler are satisfied"). As shown above, the administrative law judge gave a lengthy discussion of the factors leading to his credibility finding, and obviously considered several factors in addition to Plaintiff's continued smoking and daily activities. These include Plaintiff's differing accounts as to the existence, frequency and intensity of his symptoms as reported to his treating and consultative physicians, his reports of doing yard work and construction, failure to take nitroglycerin for his alleged pain, and the fairly consistent results of objective cardiac examinations.

The administrative law judge was in the best position to observe Plaintiff and evaluate his testimony regarding symptoms, and the fact that another decision maker might have

reached a different credibility determination is not dispositive – his findings should be accorded deference. Although Plaintiff apparently disagrees with the administrative law judge's reliance on Plaintiff's continued smoking and daily activities, he ignores the administrative law judge's consideration of other relevant factors in reaching the credibility determination. Plaintiff is asking the Court to reweigh the evidence and reach a different conclusion on the issue of his credibility, and this the Court cannot do under the limited judicial review of the Commissioner's decision allowed by statute. Finally, the administrative law judge obviously did not completely discount Plaintiff's allegations of pain, and his RFC finding contains significant limitations consistent with that finding. Tr.12. In summary, the administrative law judge adequately explained his reasons for his credibility finding and the undersigned finds Plaintiff's claim of error to be without merit.

## **RECOMMENDATION**

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the administrative law judge, and the pleadings and briefs of the parties, the undersigned Magistrate Judge recommends that the final decision of the Commissioner of Social Security Administration be affirmed. The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by February 8, 2010, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P. 72. This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 19th day of January, 2010.

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE